ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

April 7, 2009

The Honorable H. Michael Bartley
Delta County Attorney
Post Office Box 462
Cooper, Texas 75432

Opinion No. GA-0704

Re: Whether a sheriff must provide information about funds in his custody to the county treasurer (RQ-0753-GA)

Dear Mr. Bartley:

You state that the Delta County treasurer requested the sheriff to furnish her with copies of the bank statements for his accounts, including forfeiture and commissary accounts.[1] The sheriff replied that neither forfeitures to the sheriff's office nor commissary funds were county money, and thus the statements were not available to the treasurer. *See* Request Letter at 2; *see also* TEX. CODE CRIM. PROC. ANN. art. 59.06(a), (c)(3) (Vernon Supp. 2008) (forfeiture funds are state funds); TEX. LOC. GOV'T CODE ANN. § 351.0415 (Vernon 2005) (commissary proceeds may be used only for inmates' benefit or commissary operations). You ask whether the sheriff of Delta County is required to provide the county treasurer with bank statements of his accounts. *See* Request Letter at 2.

Local Government Code section 115.901(a) requires the Delta County treasurer to examine certain records held by county officers.[2] It provides as follows:

> The county auditor or, in a county that does not have the office of county auditor, the county treasurer, shall examine the *accounts*, dockets, and records of . . . the *sheriff* . . . to determine if any money belonging to the county and in the possession of the officer has not been accounted for and paid over according to law.

TEX. LOC. GOV'T CODE ANN. § 115.901(a) (Vernon 2008) (emphasis added).

Section 115.901 does not expressly limit the treasurer's audit authority to accounts relating to county funds held by the sheriff. *Compare id.* § 115.901, *with id.* § 112.007 (county auditor shall

---

[1]Request Letter at 1–2 (*available at* http://www.texasattorneygeneral.gov). The treasurer also asked for statements for grant funds, but the sheriff stated that he did not handle these funds. *See id.* at 2.

[2]Delta County does not have a county auditor. *See id.* at 1.

keep records showing all transactions of the *county* relating to *county* accounts, contracts, indebtedness and *county* receipts and disbursements). The lack of such limitation indicates that the Legislature intended the county treasurer to examine all accounts held by the sheriff in his official capacity. Such access enables the treasurer to determine whether the sheriff's accounts have been maintained correctly, including, for example, whether county funds have been commingled with special funds. *See generally Mills v. State*, 941 S.W.2d 204, 206–07 (Tex. App.—Corpus Christi 1996, pet. ref'd) (investigation revealed shortages in commissary fund). Further, this construction of section 115.901 is consistent with previous determinations by this office that a county auditor is authorized under similar statutes to audit all funds held by an officer in his official capacity, whether or not they are county funds. *See* Tex. Att'y Gen. Op. No. JM-702 (1987) at 1–2, H-1185 (1978) at 1 (construing predecessor of Local Government Code section 115.001, authorizing auditor to examine any county officer's books, accounts, vouchers and other records). As a result, we conclude that section 115.901 requires the county treasurer of Delta County to examine the sheriff's accounts, including the accounts of commissary and forfeiture funds held by the sheriff, and the sheriff must provide the treasurer with access to the bank statements for these accounts.

## S U M M A R Y

Pursuant to Local Government Code section 115.901, the county treasurer of Delta County is required to examine the accounts held by the county sheriff, including accounts containing forfeiture and commissary funds, and the sheriff must provide the treasurer with access to bank statements for such accounts.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee